**U.S. Probation and Pretrial Services**
# MEMORANDUM

| | | | |
|---|---|---|---|
| DATE: | May 26, 2005 | | 06 - 65 - M - 01 |
| TO: | The Honorable Peter J. Messitte<br>U.S. District Judge | FILED | RECEIVED IN THE CHAMBERS OF<br>PETER J. MESSITTE |
| FROM: | Elizabeth Baxter<br>Electronic Monitoring Specialist | FEB 1 7 2006<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT | MAY 27 2005<br><br>UNITED STATES DISTRICT JUDGE |
| RE: | STODDARD, Larry<br>Docket No.: 0:02CR00211<br>Exp. Date: 04/16/07 | | |
| SUBJ: | <u>Notice of Violation - Warrant Requested</u> | | |

**Sentencing Information:**

On September 26, 2003, Larry Stoddard appeared before Your Honor for sentencing subsequent to conviction for the offense of Conspiracy to Receive or Possess Stolen Motor Vehicle. He was sentenced to the Custody of the Attorney General for a period of 3 months, with 3 year(s) Supervised Release to follow, with the following conditions imposed: 1) The defendant is instructed to pay a Special Assessment in the amount of $100; 2) The defendant is instructed to pay restitution in the amount of $70,000; 3) The defendant shall be placed on home detention for a period of three (3) months and abide by all the requirements of the program which will include electronic monitoring or other location verification system; 4) The defendant shall provide the probation officer with any requested financial information and other records of towing business.

Supervision began on April 17, 2004.

**Adjustment to Supervision/Violations Alleged:**

On April 22, 2004, the offender reported to the Probation Office where the rules and regulations were read and discussed in detail. Mr. Stoddard indicated that he understood the Court's expectation.

Mr. Stoddard's overall response to supervision has been poor. He has not fully cooperated with the probation office. He has failed to provided requested financial information and fully follow your Honor's directive to make restitution. It is my opinion, Mr. Stoddard is being less than truthful about his ability to repay the Court ordered restitution. He has on more than one occasion been unresponsive to my requests for copies of his financial statements.

STODDARD, Larry
Violation Report
Page 2

The purpose of this memorandum is to advise Your Honor that the offender has violated his supervised release agreement in the following manner:

1. **Mr. Stoddard has failed to make a "good faith effort" to make restitution payment as directed by the Court, in violation of the additional condition of supervised release which states: the defendant shall pay restitution in monthly installments of $1,000 over a period of 36 months commencing 30 days after custody ends.**

The Court instructed Mr. Stoddard to begin making monthly restitution payments 30 days after his release. On April 17, 2004, the offender was released from FCI Petersburg, Virginia to commence his supervised release term. On May 20, 2004, he made his first restitution payment in the amount of $500.00. Since that time, there has **NOT** been any other payments despite numerous requests on my part to have the offender comply with the Court's order. During the months of June, July, August, September, October, November, December 2004 and January, February, March, April and May 2005, Mr. stoddard-failed make any payments toward satisfying his monetary obligation to the Court. At this time, the offender is currently in arrears of $69,500.

2. **Mr. Stoddard has failed to follow the instructions of the U.S. Probation Officer in regards to submitting financial information in violation of his additional conditions which states: the defendant shall provide access to ALL financial and other records of his towing business.**

Mr. Stoddard was given a financial statement on August 11, 2004, and instructed to complete the form in its entirety. On September 22, 2004, he returned the financial statement without any supporting documentation. On March 17, 2005, the offender was given another financial statement and instructed to once again complete the form and return it with supporting documentation. However, on March 30, 2005, he returned the financial form having NOT completed it stating that if he provided his financial information it may " incriminate him". According to Mr. Stoddard, he was advised by counsel not to disclose any financial information to the probation office.

3. **Mr. Stoddard failed to report to the probation office as instructed in violation of standard condition number 3 which states: the defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.**

On March 30, 2005 during an office visit, Mr. Stoddard was instructed to report in person to the probation office on each Monday of the week. He failed to comply with this directive. Mr. Stoddard failed to keep the following report dates April 11, 18, 25, 2005; May 2, 9, 16, and 23, 2005. As of this writing, his whereabouts are **unknown**.

STODDARD, Larry
Violation Report
Page 3

4. <u>Mr. Stoddard failed to keep the probation office informed of his employment status, in violation of standard condition number 5 which states: the defendant shall work regularly at a lawful occupation unless excuse by the probation officer for schooling, training, or other acceptable reasons.</u>

A review of the offender's written monthly report forms to submitted to this officer for the months of October 2004, November 2004 and December 2004, indicated that Mr. Stoddard was employed by
Maryland, as a person charged with the duty of repossessing motor vehicles. However, the offender failed to provide the probation office with any proof of such employment nor pay stubs.

**Recommendation:**

Based on the violations outlined in this petition, I respectfully request the issuance of a warrant charging the offender with violating several conditions of his release, as well as, absconding from supervision.

I have attached a Form 12 for the Court to execute, should Your Honor concur.

The U.S. Sentencing Commission has issued policy statements effective November 1, 1990, for violation of probation and supervised release. The policy statements are contained in a revised Chapter Seven of the updated Guidelines Manual that incorporated amendments effective November 1, 1991, et. Seq. Additionally, 18 U.S.C. 3553©) requires the Court to state the reasons for its imposition of a particular revocation sentence. Effective September 13, 1994, the Court is required to consider the applicable guidelines or policy statements issued by the Sentencing Commission in the case of a violation of probation or supervised release - 18 U.S.C. 3553 (a)(4)(B). We are attaching a Violation Worksheet.

The reimposition of Supervised Release after revocation is now authorized by a new section, 18 U.S.C. 3583(h), if the offender is sentenced to less than the maximum prison term available. The length of such a term of supervised release shall not exceed the TSR authorized by statute for the offense that resulted in the original TSR, less any term of imprisonment that was imposed upon revocation. Revised section 18 U.S.C. 3583(e)(3) provides that the maximum prison sentences allowed upon revocation of supervised release - 5 years if the original offense was a Class A Felony, 3 years for a Class B Felony, 2 years for a Class C or D Felony, or one year in any other case.

When a violation of probation or supervised release is based on Possession of a Controlled Substance, Possession of a Firearm, or refusal of required drug testing, revocation is mandated and a term of imprisonment must be imposed. The "not less than one-third" language has been deleted. It should be noted that a refusal of required drug testing violation can only mean mandated revocation for these cases where the original offense occurred on or after September 13, 1994.

STODDARD, Larry
Violation Report
Page 4

Should Your Honor have any questions or concerns, this officer is available at (301) 344-3811.

Mr. Stoddard's last known address is

Mr. Stoddard was represented at sentencing by Christopher Flohr (appointed), Office of the Federal Public Defender, 6411 Ivy Lane, Suite 710, Greenbelt, MD 20770-4510.

The Government was represented at sentencing by Gina Simms, U.S. Courthouse, Suite 400, 6500 Cherrywood Lane, Greenbelt, Maryland 20770.

Attachment

# United States District Court
## for the
### DISTRICT OF MARYLAND

U.S.A. vs. **Larry Stoddard**                                           Docket No.: 0:02CR00211

Petition on Supervised Release

　　COMES NOW **Elizabeth Baxter** PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of **Larry Stoddard** who was placed on supervision for **Conspiracy to Receive or Possess Motor Vehicle** by the Honorable Peter J. Messitte, U.S. District Judge, sitting in the court at **Greenbelt, Maryland**, on the 26th day of September, 2003 who fixed the period of supervision at **3 year(s)** *, and imposed the general terms and conditions theretofore adopted by the court and also imposed additional conditions and terms as follows:

　　* Committed to custody of Bureau of Prisons for 3 months, followed by supervised release for a term of 3 year(s).

1. The defendant is instructed to pay a Special Assessment in the amount of $100.00.
2. The defendant is instructed to pay restitution in the amount of $70,000.00.
3. The defendant shall be placed on home detention for a period of three (3) months and abide by all the requirements of the program which will include electronic monitoring or other location verification system. During this time the defendant shall be restricted to his/her place of residence except for activities approved in advance by the probation officer. The defendant shall maintain a telephone at his/her place of residence without any "call forwarding", "Caller I.D.", "call waiting", modems, answering machines, cordless telephones, or other special services for above period. The defendant is to pay the costs of the electronic monitoring portion of this sentence not to exceed the daily contractual rate. Payment for the electronic monitoring shall be on a schedule as directed by the probation officer.
4. The defendant shall provide the probation officer with any requested financial information and other records of towing business..

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

WHEREAS:　　Mr. Stoddard has failed to make a "good faith effort" to make restitution payment as directed by the Court, in violation of the additional condition of supervised release which states: the defendant shall pay restitution in monthly installments of $1,000 over a period of 36 months commencing 30 days after custody ends.

WHEREAS:　　Mr. Stoddard has failed to follow the instructions of the U.S. Probation Officer in regards to submitting financial information in violation of his additional conditions which states: the defendant shall provide access to ALL financial and other records of his towing business.

　　PRAYING THAT THE COURT WILL ORDER a warrant be issued for the arrest of Larry Stoddard for alleged violations of probation or term of supervised release.

ORDER OF COURT                                                           Respectfully,
Considered and ordered as prayed this ___ day of
___, 20__ and ordered filed and made a part of the
records in the above case.                                               _____
                                                                          Elizabeth Baxter, Electronic Monitoring Specialist

_____                                           Place   Greenbelt, Maryland
Peter J. Messitte
U.S. District Judge                                                       Date    May 26, 2005

Prepared by USPO  **Elizabeth Baxter**

## VIOLATION WORKSHEET

1. Defendant: **Larry Stoddard**

2. Docket Number (Year-Sequence-Defendant No.): **0:02CR00211**

3. District/Office: **District of Maryland**

4. Original Sentence Date: **09/26/03**

   (If different than above):
5. Original District/Office: _____

6. Original Docket Number (Year-Sequence-Defendant No.): _____

7. List each violation and determine the applicable grade (see §7B1.1):

| Violation(s) | Grade |
|---|---|
| • Failure to make restitution | C |
| • Failure to provide employment verification | C |
| • Failure to provide financial information | C |
| • Failure to report in person as instructed | C |

8. Most Serious Grade of Violation (see §7B1.1(b))        **C**

9. Criminal History Category (see §7B1.4(a))              **III**

10. Range of Imprisonment (see §7B1.4(a))                 **5-11**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X]  (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

*(b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

(c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more then ten months, no sentencing options to imprisonment are available.

*11/01/90*

Defendant: <u>Stoddard, Larry</u>

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with sentence which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) <u>$69,500</u>            Community Confinement _____

    Fine($) _____                    Home Detention _____

    Other _____                      Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: ___ to ___ years

    If supervised release is revoked and the term of imprisonment is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(3) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment:
    **3 years minus any jail time**

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    _____

15. **Official Detention Adjustment** *(see §7B1.3(e))*: _ *months* _ *days*